UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| FLORINDA GARCIA, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. M-12-134 |
| | § | |
| JOSE JESUS GUTIERREZ, *et al*, | § | |
| | § | |
| Defendants. | § | |

**ORDER**

Pending before the Court is the "Motion to Dismiss Jose Jesus Gutierrez"[1] ("Motion to Dismiss") filed by Jose Jesus Gutierrez ("Gutierrez"), the United States Department of Homeland Security ("DHS"), and the United States of America (collectively "Defendants"). Plaintiff Florinda Garcia ("Garcia") has not responded. After considering the motion and relevant authorities, the Court **GRANTS** the motion to dismiss.

**I.    Factual Background**

On April 12, 2012, Garcia asserted a claim against Defendants pursuant to the Federal Tort Claims Act ("FTCA").[2] In her Complaint, Garcia alleges damages arising from an automobile accident caused by Gutierrez, as an employee of the other defendants.[3] On August 2, 2012, Garcia amended her complaint to include the United States of America and, on September 6, 2012, Defendants filed the instant motion to dismiss Gutierrez for lack of subject matter jurisdiction.[4]

---

[1] Dkt. No. 21.
[2] Dkt. No. 1.
[3] *Id*.
[4] *See* Dkt. Nos. 14 & 21.

## II. Legal Standard

As an initial matter, the Court notes that Garcia has not responded to the motion to dismiss. Local Rule 7.3 provides that "[o]pposed motions will be submitted to the judge 21 days from filing without notice from the clerk and without appearance by counsel."[5] In turn, Local Rule 7.4 provides, "[f]ailure to respond will be taken as a representation of no opposition."[6] Over 21 days have elapsed since the motion to dismiss was filed, Garcia has not responded and, as a result, the Court will consider the motion as though it is unopposed.

Defendants bring their motion under Federal Rule of Civil Procedure 12(b)(1), asserting that Gutierrez should be dismissed as a party for lack of subject matter jurisdiction. "A question of federal jurisdiction may be raised at any time either by the court *sua sponte* or by motion of any interested party."[7] "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case."[8] Motions under Rule 12(b)(1) come in two varieties: facial or factual.[9] The instant motion is a facial attack on the jurisdiction, and the Court's consideration of the complaint is similar to that of a 12(b)(6) analysis, looking to whether the plaintiff has sufficiently alleged a basis of subject matter jurisdiction and viewing the allegations in the complaint as though true for purposes of the motion.[10]

---

[5] LR7.3.
[6] LR7.4.
[7] Burks v. Texas Co., 211 F.2d 443, 445 (5th Cir. 1954).
[8] Home Builders Ass'n of Miss., Inc. v. City of Madison, 143 F.3d 1006, 1010 (5th Cir. 1998) (quoting Nowak v. Ironworkers Local 6 Pension Fund, 81 F.3d 1182, 1187 (2nd Cir. 1996)).
[9] *See* Williamson v. Tucker, 645 F.2d 404, 412 (5th Cir. 1981).
[10] *See id.*; *see also* Menchaca v. Chrysler Credit Corp., 613 F.2d 507, 511 (5th Cir. 1980).

### III. Analysis

The only source of the Court's jurisdiction over this matter is the Federal Tort Claims Act, which grants "exclusive jurisdiction of civil actions on claims against the United States, for money damages . . . for . . . personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment. . . ."[11] The statutory language of the FTCA contains two express provisions which govern the Court's analysis: (1) the FTCA does not authorize suits against federal agencies;[12] (2) the remedies provided by the FTCA are the exclusive remedies for injuries caused by federal employees acting within the scope of their employment.[13]

The Fifth Circuit has unambiguously reiterated the meaning of the equally-unambiguous language of the statute: "It is beyond dispute that the United States, and not the responsible agency or employee, is the proper party defendant in a Federal Tort Claims Act suit."[14]

Therefore, consistent with the statutory language and Fifth Circuit precedent, the Court **GRANTS** the motion to dismiss Gutierrez as a party to this action. The motion did not request dismissal of the DHS; however, consistent with the Court's obligation to exercise its authority as to a party only where properly authorized, the Court also dismisses DHS as a party over which it does not have subject matter jurisdiction.

### IV. Conclusion

---

[11] 28 U.S.C. 2679(b)(1).
[12] 28 U.S.C. 2679(a).
[13] 28 U.S.C. 2679(b)(1) (Also providing: "*Any other civil action* or proceeding for money damages arising out of or relating to the same subject matter against the employee or the employee's estate *is precluded* without regard to when the act or omission occurred.").
[14] Galvin v. Occupational Safety & Health Admin., 860 F.2d 181, 183 (5th Cir. 1988)

For the foregoing reasons, the Court **GRANTS** the motion to dismiss. Defendants Jose Jesus Gutierrez and United States Department of Homeland Security are **DISMISSED WITH PREJUDICE**.

IT IS SO ORDERED.

DONE this 22nd day of October, 2012, in McAllen, Texas.

_____
Micaela Alvarez
UNITED STATES DISTRICT JUDGE